UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

MAVEL CANELA,

    Plaintiff,

v.

UNITED DENTAL SPECIALISTS, PLLC,
DAVID A. BENNETT,

    Defendants.
_____/

# COMPLAINT
*{Jury Trial Demanded}*

Plaintiff, MAVEL CANELA, brings this action against Defendants, UNITED DENTAL SPECIALISTS, PLLC and DAVID A. BENNETT, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 201 et seq., and alleges as follows:

1. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. At all times material hereto, Plaintiff MAVEL CANELA was a resident of the State of Florida and an "employee" of Defendants as defined by the FLSA.

3. At all times material hereto, Plaintiff engaged in interstate commerce on a regular and recurring basis within the meaning of the FLSA including interstate communication by telephone with insurance companies and vendors in California, Georgia, Tennessee, New York, and other places.

4. At all times material hereto, Defendant, UNITED DENTAL SPECIALISTS, PLLC, was a Florida corporation with its principal place of business in South Florida, engaged in commerce in the field of dental treatment, at all times material hereto was the "employer" of Plaintiff as that

1

term is defined under statutes referenced herein, engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

5. Defendants use dental equipment and supplies that were manufactured outside of Florida.

6. Defendant, DAVID A. BENNETT, is a resident of Miami-Dade County, Florida and was, and now is, the managing agent, director and/or owner of Defendant, UNITED DENTAL SPECIALISTS, PLLC; said Defendant acted and acts directly in the interests of Defendant, UNITED DENTAL SPECIALISTS, PLLC, in relation to said co-Defendant's employees. Defendant effectively dominates UNITED DENTAL SPECIALISTS, PLLC administratively or otherwise acts, or has the power to act, on behalf of the corporation vis-a-vis its employees and had the authority to direct and control the work of others. Thus, DAVID A. BENNETT was and is an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d).

7. Defendant, DAVID A. BENNETT, controlled Plaintiff's pay, work schedule, and duties.

8. Defendant, DAVID A. BENNETT, supervised Plaintiff.

9. Plaintiff was employed by Defendants as a front desk treatment coordinator.

10. Defendants failed to pay Plaintiff her full and proper overtime wages at 1.5 times Plaintiff's regular hourly rate for all overtime hours worked.

11. Defendants failed to factor into Plaintiff's regular hourly rate the commissions she earned when calculating Plaintiff's full and proper overtime compensation.

12. Attached as <u>Exhibit A</u> is a preliminary calculation of Plaintiff's damages. These amounts may change as Plaintiff engages in the discovery process.

13. Defendants have knowingly and willfully refused to pay Plaintiff her legally-entitled wages by failing to compensate Plaintiff her full and proper overtime wages of 1.5 times Plaintiff's regular hourly rate including factoring Plaintiff's commissions into Plaintiff's regular hourly rate.

14. Plaintiff has complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

15. Plaintiff has retained the services of the undersigned and is obligated to pay for the legal services provided.

## COUNT I
## VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")
## ALL DEFENDANTS

16. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1-15 above as if set forth herein in full.

17. Plaintiff alleges this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 216 (b), that Plaintiff is entitled to: (i) time-and-a-half overtime pay and (ii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

18. Plaintiff seeks recovery of damages as referenced above and further seeks interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, plus costs, reasonable attorneys' fees, and such other remedy as the court deems just and appropriate.

Respectfully submitted,

Koz Law, P.A.
320 S.E. 9th Street
Fort Lauderdale, Florida 33316
Phone: (786) 924-9929
Fax:    (786) 358-6071
Email: ekoz@kozlawfirm.com

_____
Elliot Kozolchyk, Esquire
Bar No.: 74791