### SETTLEMENT AGREEMENT AND GENERAL RELEASE

I. **The Parties.** For and in consideration of the promises and covenants contained in this Settlement Agreement and General Release ("Agreement"), the parties, Plaintiff, MAVEL CANELA for herself and her heirs, representatives, executors, administrators, successors and assigns (collectively referred to throughout this Agreement as "Plaintiffs"), and Defendants, DAVID A. BENNETT and UNITED DENTAL SPECIALISTS, PLLC, and their respective affiliates, DAVID A. BENNETT. D.D.S., P.A. and CONCIERGE DENTISTRY OF FLORIDA, LLC, their officers, directors, agents, employees, insurers, successors, and assigns, as applicable (collectively, and jointly and severally referred to throughout this Agreement as "Defendants"), covenant and agree that:

2. **Compromise Settlement.** This Agreement is entered into freely and voluntarily by the parties solely to avoid further costs, risks and hazards of litigation and to settle all claims and potential claims and disputes, known or unknown, in a final and binding manner, as set forth below.

3 **No Admissions.** This Agreement does not constitute an admission of liability on the part of Defendants. Defendants specifically deny violation of any law, rule, regulation, contractual right or any other duty or obligation with respect to Plaintiffs' employment with Defendants.

4 **Consideration.** In **consideration for signing this Agreement and General Release and compliance with the promises made herein, Defendants agree to pay to the Plaintiff and her counsel the total sum of FIVE THOUSAND DOLLARS ($5,000.00), in full and final settlement and resolution of all claims made by Plaintiff. The settlement reflects $698.23 in damages and $698.22 in liquidated damages to Plaintiff,**

1

**EXHIBIT A**

**and, $3,121.55 in attorneys' fees and $482.00 in costs paid to Koz Law, P.A.**

The settlement proceeds of $5,000.00 shall be paid to Plaintiff and her counsel in in a lump sum payable to Koz Law, P.A. Trust Account.

Counsel for the parties shall file a Joint Motion for Approval of Settlement Agreement and Dismissal with Prejudice.

5. **No Consideration Absent Execution of this Agreement.** Plaintiff understands and agrees that she would not receive the monies and/or benefits specified in Paragraph 4 above, except for her execution of this Agreement and the fulfillment of the promises contained herein.

6. **General and Complete Release.** Except for the obligations required by this Agreement, Plaintiffs do hereby release, acquit and forever discharge Defendants of and from any and all actions, causes of action, obligations, costs, expenses, attorneys' fees, damages, losses, claims, liabilities, suits, debts, demands and benefits of whatever character in law, or in equity, known or unknown, suspected or unsuspected, matured or unmatured, of any kind or nature, whatsoever, now existing or arising in the future based on any act or omission, event, occurrence, or non-occurrence, from the beginning of time to the date of execution of this Agreement, including but not limited to, any claims or causes of action arising out of or in any way relating to Plaintiff's employment with Defendants, including but not limited to any alleged violation of:

- the Florida Public Employees Relations Act, as amended;
- Title VII of the Civil Rights Act of 1964, as amended;
- Sections 1981 through 1988 of Title 42 of the United States Code, as amended;
- The Employee Retirement Income Security Act of 1974, as amended;

**EXHIBIT A**

- The Immigration Reform and Control Act, as amended;
- The Americans with Disabilities Act of 1990, as amended;
- The Age Discrimination in Employment Act of 1967, as amended;
- The Fair Labor Standards Act, as amended;
- The Occupational Safety and Health Act, as amended;
- The Family and Medical Leave Act, as amended;
- The Florida Civil Rights Act, as amended;
- The Florida Minimum Wage Act and Art.X, Sec.24 of the Florida Constitution.
- Any other federal, state or local civil or human rights law or any other local, state or federal law, regulation or ordinance;
- Any public policy, contract, tort, or common law; and
- Any allegation for costs, fees, or other expenses including attorneys' fees incurred in these matters, except as otherwise agreed by the parties.

In consideration of the valuable consideration provided for in this Agreement, Plaintiff intends to give up any rights she might have under these or any other laws with respect to their employment or alleged employment with Defendants.

Except for the obligations required by this Agreement, Defendants do hereby release, acquit and forever discharge Plaintiff of and from any and all actions, causes of action, obligations, costs, expenses, attorneys' fees, damages, losses, claims, liabilities, suits, debts, demands and benefits of whatever character in law, or in equity, known or unknown, suspected or unsuspected, matured or unmatured, of any kind or nature, whatsoever, now existing or arising in the future based on any act or omission, event, occurrence, or non-occurrence, from the beginning of time to the date of execution of this Agreement.

4

**EXHIBIT A**

7. **Release of Unknown Claims.** For the purpose of implementing a full and complete Release, the parties expressly acknowledge that the Releases they give in this Agreement are intended to include in their effect, without limitation, claims that they did not know or suspect to exist in their favor at the time of the effective date of this Agreement, regardless of whether the knowledge of such claims or the facts upon which they might be based would materially have affected the settlement of this matter and that the consideration given under this Agreement is also for the release of those claims and contemplates the extinguishment of any unknown claims.

8. **No Disparaging Comments.** Plaintiff covenants and agrees that she shall not engage in any pattern of conduct that involves the making or publishing of written or oral statements or remarks, (including, without limitation, the repetition or distribution of derogatory rumors, allegations, negative reports or comments) which are disparaging, deleterious or damaging to the integrity, reputation or good will of Defendants. Defendants agree that they shall not engage in any pattern of conduct that involves the making or publishing of written or oral statements or remarks, (including, without limitation , the repetition or distribution of derogatory rumors, allegations, negative reports or comments) which are disparaging, deleterious or damaging to the integrity, reputation or good will of Plaintiff, and for any reference verification by a prospective employer, will only state the positions Plaintiff had and the time spent in those positions (neutral reference). All inquiries regarding Plaintiff shall be directed to David A. Bennettt, or his designee. Plaintiff agrees never to apply for employment with the Defendants in the future, and will bring no cause of action if she mistakenly applies, and believe that she was not hired unjustly.

**EXHIBIT A**

9. **Successors.** This Agreement shall be binding upon and shall inure to the benefit of Plaintiffs, and shall be binding upon and shall inure to the benefit of Defendants, and their respective heirs, administrators, successors and assigns, as applicable.

10. **Validity of Agreement.** Should any provision in this Agreement be declared to be illegal or invalid, the validity of the remaining parts, terms, or provisions shall not be affected thereby, and the illegal or invalid part, term, or provision shall be deemed not to be a part of this Agreement, and all remaining provisions shall remain valid and enforceable.

11. **Voluntary Agreement.** The parties understand and agree that they:

    (a) have had a reasonable time within which to consider this Agreement before executing it;

    (b) have carefully read and fully understand all of the provisions of this Agreement;

    (c) are, through this Agreement, releasing each other from any and all claims they may have against each other relating to Plaintiff's employment with Defendants;

    (d) knowingly and voluntarily agree to all of the terms set forth in this Agreement;

    (e) knowingly and voluntarily intend to be legally bound by same;

    (t) were advised to consider the terms of this Agreement with counsel, and have consulted with their counsel prior to executing this Agreement, and

    (g) are duly authorized and have full authority to execute this Agreement.

12. **Confidentiality.** Plaintiff agrees that she will not disclose the terms of this Agreement to anyone other than their counsel, their accountants/tax advisors, IRS, their respective spouses/partner, if any, and as needed to report their taxes. Plaintiff further agrees to have no further communication in any way relating to this settlement with any person, except those who may be informed as set forth in the below paragraph, provided that each person so informed (except for the IRS) is told that he or she is not to disclose the matter further. To all

**EXHIBIT A**

others, including but not limited to the Plaintiff's spouse, any employee or former employee of Defendants, the press or any other inquiry whatsoever, the Plaintiff may say only that "the matter is resolved and I cannot talk about it", or words to that effect. Failure by Plaintiff to abide by this Confidentiality pledge will permit the Defendants to seek any available remedies for a proven breach, and including seeking proven damages and injunctive relief.

Defendants agree that they will not disclose the terms of this Agreement to anyone other than their counsel, their accountants/tax advisors, consultants with a need to know, IRS, and only to those employees with a need to know. The parties further agree to have no further communication in any way relating to this settlement with any person, except those who may be informed as set forth in this paragraph, provided that each person so informed (except for the IRS) is told that he or she is not to disclose the matter further. To all others, such as to the press or any other inquiry whatsoever, Defendants may say only that "the matter is resolved and I cannot talk about it", or words to that effect.

13. **No Additional Representations.** Each party acknowledges that except as expressly set forth herein, no representations of any kind or character have been made by any other party or parties, age nts, representatives, or attorneys, to induce the execution of this Agreement.

14. **Amendment or Modification.** This Agreement cannot be modified, altered or changed except by a writing signed by the parties wherein specific reference is made to this Agreement.

15. · **Entire Agreement.** This Agreement constitutes a single integrated contract expressing the entire agreement of the parties hereto. There is no other agrement

**EXHIBIT A**

or understanding, written or oral, expressed or implied, among the parties hereto concerning the subject matter hereof, except as set forth in this Agreement.

16. **Captions.** The captions and headings used in this Agreement are for convenience and means of reference only, and shall not be used to construe, interpret, expand or limit the terms of this Agreement.

17. **Counterparts.** The parties agree that this Agreement may be executed by the parties in multiple parts, or in counterparts, each of which shall be considered an original.

18. **Construction.** Language of all parts of this Agreement shall be construed as a whole according to its fair meaning. The parties agree that this Agreement is the product of joint authorship, and in the event of any ambiguity, the Agreement shall not be construed against any party.

19. **Copy of Agreement Valid.** The parties agree that executed copies of this Agreement shall be valid and binding, in the event the original executed Agreements are missing.

20. **Attorneys' Fees.** In the event that any party brings an action to enforce this Agreement, the prevailing party, after all appeals or the time for appeal has expired, shall be entitled to reasonable attorneys' fees.

21. **Governing Law and Interpretation.** This Agreement shall be governed and interpreted in accordance with applicable federal laws and applicable laws of the State of Florida, without regard to its conflict of laws provision.

**SIGNATURES ON NEXT PAGE**

**EXHIBIT A**

IN WITNESS WHEREOF, the parties hereto have knowingly and voluntarily executed this Agreement as of the date set forth below.

_____
MAVEL CANELA/ PLAINTIFF

_____
DAVID A. BENNETT/ DEFENDANT

UNITED DENTAL SPECIALISTS, PLLC
DEFENDANT

BY:_____
   DAVID A. BENNETT/ MANAGER

DAVID A. BENNETT DDS, P.A.

BY: _____
   DAVID A. BENNETT/ PRES.

CONCIERGE DENTISTYRY OF FL, LLC

BY:_____
   DAVID A. BENNETT/ MANAGER

**EXHIBIT A**

IN WITNESS WHEREOF, the parties hereto have knowingly and voluntarily executed this Agreement as of the date set forth below.

_____   _____
MAVEL CANELA/ PLAINTIFF     DAVID A. BENNETT/ DEFENDANT


UNITED DENTAL SPECIALISTS, PLLC
DEFENDANT

BY: _____
DAVID A. BENNETT/ MANAGER


DAVID A. BENNETT DDS, P.A.

BY: _____
DAVID A. BENNETT/ PRES.


CONCIERGE DENTISTYRY OF FL, LLC

BY: _____
DAVID A. BENNETT/ MANAGER

9

**EXHIBIT A**